The Federal Land Bank of Baltimore, Appellant, *v.* Registrar of Property of Mayagüez, Respondent.

No. 913.  Submitted February 7, 1934.—Decided March 8, 1934.

*Frank Martínez, E. Campos del Toro,* and *S. García Díaz* for appellant.  The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Nicolás Cuebas Lugo, as owner of a piece of property of twelve acres (*cuerdas*), situated in Las Marías, mortgaged the same to The Federal Land Bank of Baltimore to secure the sum of $300 which he had borrowed from the latter. The loan was not paid at maturity and the creditor decided to collect the same through judicial action and to that end selected the summary foreclosure proceeding prescribed by the Mortgage Law.

As the debtor had died and the mortgagee did not know who were his heirs, it designated them as John Doe and Richard Roe (*Fulano y Zutano de Tal*) and prayed for an order of the court deciding that payment be formally demanded from them through the publication of edicts.  The court acquiesced and the edicts were published in a local newspaper.

The term of the edicts having elapsed and payment not having been made, the bank requested from the court that

the sale at public auction of the mortgaged property be ordered. The court so decreed, and the sale was made on December 29, 1933, to the same bank as sole bidder for the sum of $100.

When the deed containing the contract was presented for record, the registrar entered the following decision:

"The sale at public auction specified in the preceding document, which is deed No. 1, executed in the city of Mayagüez on the 2d of this instant January before Notary Rafael Augusto Saliva Sacarello, is hereby recorded at page 168 of volume 46 of Las Marías, property No. 1032 duplicate, tenth inscription, with the curable defect of the failure to express in the deed the names of the persons composing the defendant succession and to show the capacity and authority of Josefina Francisco de Mari to accept the contract in the name and as attorney-in-fact of the purchasing bank."

Feeling aggrieved by the annotation of the curable defect of the failure to state in the deed the names of the persons composing the defendant succession, the bank took the present administrative appeal and through its counsel argues the case thus:

"Section 94 of the Code of Civil Procedure authorizes the service by publication, among other cases, when the person on whom service is to be made is without any known residence.

"In this case the appellant and foreclosing creditor did not know the persons who constituted the defendant succession, or their names and residence.

"This state of facts was communicated to the court and the latter, considering said facts as established, ordered that the demand for payment be directed to John Doe and Richard Roe (*Fulano* y *Zutano de Tal*), as unknown heirs of Nicolás Cuebas Lugo. In compliance with the provisions of sections 94 *et seq.* of the Code of Civil Procedure, the foreclosing mortgagee and appellant demanded payment from the unknown heirs of Nicolás Cuebas and subjected to the jurisdiction of the District Court of Mayagüez the persons composing his succession, to wit, John Doe and Richard Roe.

"How is it possible then that, after the appellant following the procedure prescribed by law had shown to the District Court that the heirs of Nicolás Cuebas were John Doe and Richard Roe, the

registrar should set forth in his decision that the deed did not state who were the persons composing the defendant succession?

"If the reasoning of the registrar were accepted, the procedure laid down by section 94 of the Code of Civil Procedure would be useless and a creditor who foreclosed a mortgage against the estate of a decedent would never acquire a title free from defects, when the name and residence of the persons composing the succession were unknown.

"The registrar exacts an impossibility. He demands something that the law does not require in cases of this character; and asks the foreclosing mortgagee to do that of which he was exempted by the District Court after he showed that it was impossible for him to do it."

In support of his decision the registrar cites the case of *Arvelo et al.* v. *Banco Territorial y Agricola de Puerto Rico,* 25 P.R.R. 677. There this court said:

"The rights to the succession of a person are transmitted from the moment of his death. Article 657 of the Civil Code of 1899. Succession is granted either by the direction of the man as expressed in a will or, in its absence, by provision of law. Article 658. Heirs succeed the deceased in all his rights and obligations by the mere fact of his death. Article 661. The articles cited are equivalent to sections 665, 666 and 669 of the Revised Civil Code.

"Under our laws a succession has no existence as a juridical person. A succession may be made a party plaintiff or defendant, but it must be particularized or individualized by specifying the names of the persons who compose it. It is not a legal entity independent of the heirs, who constitute it and who should appear as plaintiffs or defendants.

"In disposing of the case of *Dapena* v. *Estate of Dominicci* on February 14, 1907, (12 P.R.R. 64) this court said that where a complaint is brought against an estate, it should designate the name of each of the heirs or give some reason to justify the omission; and in accord with that doctrine this court, in deciding the case of *Orcasitas* v. *Registrar of Property,* 21 P.R.R. 523, expressed itself as follows:

" 'We agree with the registrar that if the citing or summoning of the succession was necessary, the composition of such succession should be made to appear, so that the registrar might determine whether there had been proper process.' "

As the property has been recorded, we must confine our decision to the sole question raised by reason of the noted defect, and in so doing we are of the opinion that the registrar is wrong. The proceeding was not brought against the succession of Nicolás Cuebas Lugo as a separate entity, as a separate artificial person, and following the rule laid down by this court in the case of *Dapena* v. *Estate of Dominicci*, 12 P.R.R. 64, cited in that of Arvelo, *supra*, it was averred that the succession was composed of certain persons who, being unknown to the plaintiff, were designated by fictitious names. This is ordinarily sufficient. The question of whether or not the writ demanding payment was served in accordance with the provisions of section 128 of the Mortgage Law and of article 171 of the Regulations, is not before us for decision.

That part of the ruling from which the present appeal has been taken must be reversed.

Mr. Justice Wolf dissented.